IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IN RE:         Harvey Harrington, III, and,              CASE NO. 5:17-bk-14177
               Debra H. Harrington, Debtors                        (Chapter 11)

AGCO FINANCE LLC                                                      MOVANT

V.

HARVEY HARRINGTON, III, and
DEBRA H. HARRINGTON, Debtors                                    RESPONDENTS

### ORDER GRANTING MOTION FOR ADEQUATE PROTECTION

Pending before the Court is the motion for relief from stay and motion for abandonment, or in the alternative, motion for adequate protection filed by AGCO Finance LLC ("AGCO") (Doc. # 101). The parties have resolved the motions, and submit this agreed order in furtherance of their compromise. Upon consideration of the pleadings, statements of counsel, and agreement of the parties, the Court finds and orders as follows:

1.     This Court has jurisdiction pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(b)(2)(A), (G), and (O). This matter is a core proceeding, and the Court can enter a final judgment. Relief is sought pursuant to 11 U.S.C. §§ 362, 554(a) and 361.

2.     AGCO is an interested party in this proceeding holding a secured claim totaling $130,686.62 as of September 21, 2017, the payment of which is secured by the debtors' Versatile 575 Tractor bearing serial number 704409 ("the Collateral").

3.     The motion for relief from stay and motion for abandonment are withdrawn on the condition that debtors make the adequate protection payments as ordered herein.

4.    AGCO is entitled to adequate protection payments in the form of monthly cash payments prior to confirmation of debtors' Chapter 11 Plan.

5.    The automatic stay is modified and debtors are hereby ordered to make adequate protection payments as follows:

a.    Beginning in March of 2018, debtors shall make an adequate protection payment to AGCO in the amount of $4,500.00.

b.    Beginning in April of 2018, and continuing each month thereafter until confirmation of the debtors' Chapter 11 Plan, debtors shall make adequate protection payments to AGCO in the amount of $1,000.

c.    Each adequate protection payment shall be received by AGCO on or before the 15th day of the month in which such payment is due, and each payment shall be made by check, cashier's check, money order, or other certified funds.

d.    Payments shall be applied first to the late fees of $170.61 as of the petition date, and then to interest owed as of the petition date, and then to principal.

6.    If AGCO does not receive the full adequate payment by the 15th day of the month in which such payment is due, then AGCO shall provide written notice of default to debtors' counsel.  If the default is not cured within fifteen (15) calendar days after written notice is sent to debtors' counsel, then AGCO may file a motion for ex parte relief from the automatic stay and abandonment of its Collateral described herein, to be effective immediately upon entry of the order, without further notice or hearing.

7.    If relief is granted as noted in Paragraph 6 above, debtors waive any requirement that AGCO comply with Bankruptcy Rule 4001.  The debtors agree that any order granting relief from stay shall not be stayed for any length of time, and upon entry of

2

such order, debtors agree to make the Collateral available for recovery by AGCO within a reasonable time.

IT IS SO ORDERED.

_____
United States Bankruptcy Judge

Date: _March 2, 2018_____

Approved:

**PARKER HURST & BURNETT PLC**
P.O. Box 1733
Jonesboro, AR 72403-1733
(870) 268-7602

By_ /s/ Harry S. Hurst, Jr._____
        Harry S. Hurst, Jr. (88116)
        Attorneys for AGCO


**DILKS LAW FIRM**
PO Box 34157
Little Rock, AR 72203
(501) 244-9770

By__ /s/ Lyndsey D. Dilks_____
        Lyndsey D. Dilks (2007-076)
        Attorney for Debtors


**U.S. TRUSTEE**
Office of U.S. Trustee
200 W. Capitol, Ste. 1200
Little Rock, AR 72201
(501) 324-7357

By__ /s/ Joseph A. DiPietro_____
        On Behalf of U.S. Trustee

3